UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. OUTMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL PARAMO, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2339 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2) and a request for the appointment of counsel (ECF No. 3.).

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

////

In this case, the defendant(s) are located and the claim arose while plaintiff was incarcerated at Richard J. Donovan Correctional Facility in San Diego County, which is in the Southern District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Southern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

Dated: September 5, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders.Prisoner.Civil.Rights/outm2339.21a